77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick David BUKER, indicted as Patrick D. Buker,
Defendant-Appellant.
 No. 95-30056.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided Feb. 20, 1996.
 
 Before: NOONAN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Patrick David Buker ("Buker") appeals from his conviction for possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1). He argues that the district court erroneously denied his motion to suppress evidence and his discovery motion. The district court held that the discovery of evidence resulted from a valid Terry stop and search pursuant to a lawful arrest. It also held that Buker had validly consented to the search of his truck. Buker challenges the denial of his motion for discovery of personnel and investigative files relating to Detective Claar who testified that Buker had consented to the search of his truck. We affirm.
 
 
 3
 The government produced ample evidence that the officers involved in the execution of the search warrant leading to Buker's stop and frisk had serious grounds for fearing for their safety. The district court did not err in concluding that the officers' original discovery of contraband on Buker's person resulted from their exercise of reasonable methods to protect themselves in the course of a Terry stop and was not the fruit of an unlawful arrest. See Allen v. City of Los Angeles, 66 F.3d 1052, 1056-57 (9th Cir.1995). The evidence discovered as a result of this Terry stop and frisk in turn led to the lawful arrest and full search of Buker which yielded additional evidence. We also find no error in the district court's determination that Buker had been properly told of his Miranda rights and that he consented to the search of his truck. See United States v. Chischilly, 30 F.3d 1144, 1151 (9th Cir.1994), cert. denied, 115 S.Ct. 946 (1995). The district court did not err in denying Buker's motion to suppress.
 
 
 4
 The district court found that nothing in the files would change its determination that Buker had consented to the search of his truck. The court offered Buker's attorney the opportunity to review the discovery materials on condition that she not reveal the information to the defendant or any other person without prior approval of the court. Buker's attorney, after consultation with the defendant, rejected this offer. We find no merit to Buker's rationale for refusing this offer and conclude that the district court did not err in denying discovery. See United States v. Monroe, 943 F.2d 1007, 1011 (9th Cir.1991), cert. denied, 503 U.S. 971 (1992); United States v. Khan, 35 F.3d 426, 431 (9th Cir.1994).
 
 The judgment appealed from is
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3